IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VASHON PAUL RAYFORD, 1302122,     ) | |
|     Plaintiff,     ) | |
| ) | |
| v.     ) | No. 3:14-CV-486-L |
| ) | |
| DALLAS COUNTY SHERIFF'S DEPT., ET AL.,     ) | |
|     Defendants.     ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by a pre-trial detainee. Plaintiff is presently incarcerated at the Dallas County Jail. Defendants are the Dallas County Sheriff's Department, Judge Dominique Collins, the Dallas County District Attorney's Office, and defense attorneys Roger Lennox and Andrew Price. The Court did not issue process pending preliminary screening.

**Statement of Case:**

Plaintiff claims Judge Dominique Collins has failed to respond to his motion for speedy trial, motion to sever and motion for bond reduction. He claims the Dallas County District Attorney's Office and attorneys Lennox and Price have conspired to deny him a speedy trial. Plaintiff requests that bond be granted, that the charges be dismissed, or that he receive a speedy trial.

**Screening:**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a) and (b). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**Discussion:**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff complains that he is being denied a bond reduction and a speedy trial. A challenge to the bond amount, however, is cognizable only in a state pretrial application for writ of habeas corpus asserting the bond was excessive and asking the trial court to reduce it and set a reasonable bond. *Ex parte Tucker,* 977 S.W.2d 713, 715 (Tex. App. -- Fort Worth, 1998) (citing

*Ex parte Gray,* 564 S.W.2d 713, 714 (Tex. Crim. App. 1978) (proper method to challenge excessiveness of bail prior to trial is by application for writ of habeas corpus)).

Similarly, any speedy trial claim must first be raised in the state trial court by filing a speedy trial motion, and then by petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial). Petitioner's claims should therefore be dismissed.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that the complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915(e).

Signed this 27th day of February, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).